```
UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------ X
                                           )
KEVIN JAIRAJ,                              )
                        Plaintiff,         )    C.A. No.
                                           )    18cv8275(AJN)
            v.                             )
                                           )
HEAVY INC.,                                )    Answer
                                           )
                        Defendant.         )
                                           )
                                           )
------------------------------------------ X
```

Defendant Heavy, Inc. ("Heavy"), by its attorneys Lebowitz Law Office, LLC., for its answer to the complaint (the "Complaint") by Kevin Jairaj ("Plaintiff"), avers as follows:

### NATURE OF THE ACTION

1. The allegations contained in paragraph 1 of the Complaint contain legal conclusions to which no response is required.

### JURISDICTION AND VENUE

2. The allegations contained in paragraph 2 of the Complaint contain legal conclusions to which no response is required.

3. The allegations contained in paragraph 3 of the Complaint contain legal conclusions to which no response is required.

4. The allegations contained in paragraph 4 of the Complaint contain legal conclusions to which no response is required.

### PARTIES

5. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5 of the Complaint.

6. Admits the allegations contained in paragraph 6 of the

Complaint.

**STATEMENT OF FACTS**

7. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 10 of the Complaint.

11. Denies the allegations contained in paragraph 11 of the Complaint, except that Exhibit D speaks for itself.

12. Denies the allegations contained in paragraph 12 of the Complaint, except admits that Heavy did not have an explicit license agreement with Plaintiff.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST DEFENDANT)**
**(17 U.S.C. §§ 106, 501)**

13. Heavy incorporates herein each and every prior allegation.

14. Denies the allegations contained in paragraph 14 of the Complaint.

15. Denies the allegations contained in paragraph 15 of the Complaint.

16. Denies the allegations contained in paragraph 16 of the Complaint.

17. Denies the allegations contained in paragraph 17 of the Complaint.

## SECOND CLAIM FOR RELIEF
### (INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST DEFENDANT)
### (17 U.S.C. § 1202)

18. Heavy incorporates herein each and every prior allegation.

19. Denies the allegations contained in paragraph 18 of the Complaint.

19. Denies the allegations contained in paragraph 19 of the Complaint.

20. The allegations contained in paragraph 20 of the Complaint contain legal conclusions to which no response is required.

21. Denies the allegations contained in paragraph 21 of the Complaint.

22. Denies the allegations contained in paragraph 22 of the Complaint.

23. The allegations in paragraph 23 of the Complaint purport to characterize the contents of the Digital Millennium Copyright Act, 17 U.S.C. § 1202. The contents of the Digital Millennium Copyright Act, 17 U.S.C. § 1202 speak for themselves, and therefore no response is required. Heavy denies the remaining allegations contained in paragraph 23 of the Complaint.

24. The allegations contained in paragraph 24 of the Complaint contain legal conclusions to which no response is required.

**PRAYER FOR RELIEF**

Heavy denies any allegations contained in Plaintiff's Prayer for Relief and specifically denies that Plaintiff is entitled to any relief.

**AFFIRMATIVE DEFENSES**

Heavy asserts the following affirmative defenses in response to the allegations, without assuming the burden of proof with respect to any issue as to which applicable law places the burden of proof upon Plaintiff. Heavy reserves the right to supplement, amend, or delete any or all of the following defenses, as warranted by discovery or other investigation, or as justice may require. Heavy further reserves the right to withdraw defenses that it determines are not applicable during the course of discovery or other proceedings in this action.

**FIRST AFFIRMATIVE DEFENSE**

Defendant is entitled to the "safe harbor" protections of the Digital Millennium copyright Act.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims fail to state a claim upon which relief may be granted.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part, by the doctrines of acquiescence, laches, equitable estoppel, waiver and/or unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of fair use.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent the allegedly unlawful or infringing use of the works at issue were licensed or otherwise authorized by persons or entities with the right to license or authorize such use.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's prayer for statutory damages and attorney's fees under the Copyright Act is barred to the extent the copyrights in issue do not meet the registration requirements of the Copyright Act, including 17 U.S.C. § 412(2).

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for statutory damages are barred in whole or in part because Heavy did not act with the requisite degree of intent or fault.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because statutory damages sought are unconstitutionally excessive and disproportionate to any actual damages that may have been sustained in violation of the Due Process clause.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because he sustained no injury in fact or damages caused by an act or omission of Heavy.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Heavy's conduct was in good faith and with non-willful intent at all times.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by his failure to join indispensable parties.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the alleged infringement was not caused by a volitional act attributable to Heavy.

## THIRTEENTH AFFIRMATIVE DEFENSE

If Plaintiff suffered any injury or damages as alleged in the Complaint, which is expressly denied, then said damages or injuries resulted from his own acts and/or omissions, and were not proximately caused by any action of Heavy.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of implied license.

## DEMAND FOR A JURY TRIAL

Defendant hereby demands a trial by jury on all issues so triable

in accordance with Federal Rule of Civil Procedure 38(b).

**PRAYER FOR RELIEF**

WHEREFORE, defendant Heavy, Inc. respectfully requests that this Court:

1. Dismiss Plaintiff's Complaint and each claim against Heavy Inc. alleged herein;

2. Deny Plaintiff the relief that he seeks;

3. Grant Heavy, Inc. its reasonable costs and attorneys' fees incurred in defending against Plaintiff's Second Amended Complaint; and

4. Grant such other and further relief as the Court may deem just and proper.

Dated: February 21, 2019
New York, New York

Lebowitz Law Office, LLC

By: _____
Marc A. Lebowitz (ML 7381)
747 Third Avenue
23rd Floor
New York, NY 10017
Tel (212) 682-6818
Fax (212) 682-0030

*Attorneys for Defendant Heavy Inc.*